UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

FRANK H. FINKEL, et al.,

                    Plaintiffs,
                                                ORDER
          - against -
                                                CV 2009-5329 (ILG)(MDG)
S.I. ASSOCIATES CO., INC., et ano,

                    Defendants.


- - - - - - - - - - - - - - - - - - - -X

     The Court entered default judgment against defendants S.I.

Associates Co., Inc. and Sciarrino Industries, Inc. on October

26, 2010 in the amount of $1,753,153.63.  See ct. doc. 9.  By

letter dated September 8, 2011, plaintiffs move to compel

defendants to respond to document requests and interrogatories

and to appear for depositions.  Plaintiffs state that on January

3, 2010, Salvatore Sciarrino, the sole shareholder of both

defendants, was personally served with the discovery requests and

notices of deposition.  See ct. doc. 12, Exh. B.[1]  Defendants

failed to respond to the discovery requests or appear for the

depositions.  See ct. doc. 12 at 2.  By letter dated February 15,

2011, plaintiffs sent a letter to defendants asking them to

respond to the discovery requests and notices of deposition.  See

id., Exh. C.  Defendants did not respond to the letter.  See ct.

doc. 12 at 2.

_____

     [1] A notice of deposition addressed to S.I. Associates Co.,
Inc. is not included within the exhibit.

Rule 69(a) of the Federal Rules of Civil Procedure provides that a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Fed. R. Civ. P. 69(a). Although both defendants had previously been served with the complaint, they did not appear and thus should now be treated as non-parties with respect to any discovery sought from them under the Federal Rules of Civil Procedure. See Hawkins v. AMA Mgmt., Ltd., No. C06-847P, 2007 WL 869955, at *2 (W.D. Wash. March 20, 2007); Western Metal Industry Pension Trust v. Ruthford's Auto Rebuild, Ltd., No. C06-525P, 2006 U.S. Dist. LEXIS 74274, at *2-*4 (W.D. Wash. Oct. 12, 2006); Hill Design, Inc. v. Hodgdon, No. 03-CV-074-SM, 2006 WL 1134918, at *1 (D.N.H. Apr. 26, 2006); Blazek v. Capital Recovery Assocs., Inc., 222 F.R.D. 360, 361 (E.D. Wisc. 2004). In order to obtain information from defendants who have never appeared, a plaintiff must serve the defendants with a subpoena rather than utilize the discovery devices applicable to parties, such as a notice of deposition under Rule 30, a request for the production of documents under Rule 34 or interrogatories under Rule 33. See e.g., Xstrata Canada Corp. v. Advanced Recycling Tech., Inc., No. 08-CV-1836, 2010 WL 4609302 (N.D.N.Y. Nov. 5, 2010) (discussing use of subpoena to obtain discovery from default judgment debtor); Adidas Sportschufabriken v. New Generation, 88 Civ. 5519, 1995 WL 646213 (S.D.N.Y. Nov. 3, 1995) (same).

Nevertheless, I note that "delivery" of a subpoena under Rule 45 may be effected by means other than personal service that are reasonably designed to ensure actual receipt, including the methods for service of a summons and complaint, particularly where diligent attempts to effectuate personal service have been unsuccessful. See GMA Accessories, Inc. v. Eminent, Inc., No. 07 Civ. 3219, 2007 WL 4456009, at *1 (S.D.N.Y. Dec. 11, 2007); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 & n.1 (E.D.N.Y. 1997); see also Fed. R. Civ. P. 4(e); N.Y. C.P.L.R. § 308.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel is denied without prejudice.

**SO ORDERED.**

Dated:    Brooklyn, New York
          June 11, 2012

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE